Alvin J. WRIGHTEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 41538.

Court of Criminal Appeals of Texas.

Nov. 6, 1968.

Paul W. Anderson, Marshall, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

BELCHER, Judge.

The conviction is for rape, the punishment, 25 years.

No transcription of the evidence on the trial on the merits is contained in the record.

The record contains several formal bills of exception.

The trial court in Formal Bill of Exception No. One certified:

"Be it remembered that on the trial of the above entitled and numbered cause which commenced on October 30, 1967, the Trial Court erred in permitting evidence or testimony to be introduced at the trial because the defendant was arrested without a warrant of arrest and without probable cause;

"Furthermore, the search and seizure was a general search and ipso facto unreasonable inasmuch as the search was conducted before the defendant was arrested."

In Formal Bill of Exception No. Two, the trial court certified as follows:

"The defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States were violated because of the illegal arrest and detention, the illegal search and seizure, and for the further reason that there was no independent evidence other than the evidence that grew out of the aforementioned illegalities and was, therefore, fruit of the poisonous tree and was in violation of the derivitative evidence rule."

The trial judge heard the evidence and the objections of the appellant thereto, and this court from the record is in no position to dispute his certification of the facts.

In view of the certificate of the trial judge showing that the search and seizure was illegal and the testimony was inadmissible and prejudicial to the rights of the appellant, it is concluded that Bills of Exception Nos. One and Two reflect reversible error.

The disposition of this cause for the above reasons makes it unnecessary to review the other formal bills of exception.

The judgment is reversed and the cause is remanded.